**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLORADO**

– – – – – – – – – – – – – – – – – – – – – – – – – – – –X

TRACTEL INC.,                                  :
                                               :
                    Plaintiff,                 :
                                               :
v.                                             :     Case No. 1:23-cv-01731-PAB-SKC
                                               :
AZ-TEC ERECTORS INC. and                       :     **PLAINTIFF'S MOTION FOR**
KINSALE INSURANCE COMPANY,                     :     **DEFAULT JUDGMENT AND BRIEF**
                                               :     **IN SUPPORT THEREOF**
                    Defendants.                :
– – – – – – – – – – – – – – – – – – – – – – – – – – – X

---

**PLAINTIFF'S
MOTION FOR DEFAULT JUDGMENT**

Pursuant to Federal Rule of Civil Procedure 55(b)(2), Plaintiff TRACTEL INC. moves this

Court for entry of Default Judgment against Defendant AZ-TEC ERECTORS INC. This Motion

is based on the contemporaneously filed brief in support hereof, the attached exhibits, and the

pleadings and files in this action.

This is an action for declaratory judgment and to recover money damages owed by

Defendant AZ-TEC ERECTORS INC. to Plaintiff for breach of contract.

Defendant AZ-TEC ERECTORS INC. has failed to make an appearance in the present

action and is not a minor or an incompetent person, nor a member of the military.

WHEREFORE, Plaintiff requests that this Court enter Default Judgment against Defendant

AZ-TEC ERECTORS INC. and award TRACTEL INC. the relief it seeks in its Brief in Support

of Motion for Default Judgment, including:

(a) Award Tractel $391,779.46 in damages, $90,880 in attorneys' fees, $334 in costs,

prejudgment interest at a rate of eight percent per annum, compounded annually, and

post judgment interest at a proper rate, calculated daily and compounded annually;

(b) Declare that the Master Subcontract Agreement and the Work Authorization require Defendant Az-Tec Erectors Inc. to indemnify Tractel for all claims arising from the Incident[1];

(c) Declare that the Master Subcontract Agreement[2] and the Work Authorization require Defendant Az-Tec Erectors Inc. to name Tractel as an additional insured under the Kinsale Policies;

(d) Such other and further relief as this Court deems just, equitable, and necessary.

---

## PLAINTIFF'S BRIEF IN SUPPORT OF
## MOTION FOR DEFAULT JUDGMENT

### INTRODUCTION

Plaintiff Tractel Inc. ("Tractel") designed and manufactured a system used for cleaning the exteriors of buildings. Tractel entered a Work Authorization governed by the Master Subcontract Agreement ("MSA" and, together with the Work Authorization, the "Subcontract Agreement") with Az-Tec Erectors Inc. ("Az-Tec") to install the system. As part of the Subcontract Agreement, Az-Tec agreed to defend and indemnify Tractel against any claims related to Az-Tec's work under the subcontract. Az-Tec also agreed to name Tractel as an additional insured under Az-Tec's commercial general liability policy.[3]

---

[1] On January 26, 2022, an individual operating a window-washing system designed and manufactured by Tractel and installed by Az-Tec was killed in San Diego, California.

[2] All capitalized terms not otherwise defined herein are as defined in the Complaint in this matter, ECF No. 1.

[3] Kinsale Insurance Company ("Kinsale") issued a commercial general liability insurance policy to Az-Tec, bearing policy number 01000312315 for the policy period of August 7, 2020, to August 7, 2021, and bearing policy number 01000312316 for the policy period of August 7, 2021, to August 7, 2022. Additionally, Kinsale issued excess liability insurance to Az-Tec for the same policy periods bearing the policy numbers 01000312155 and 01000312156, respectively. (Collectively, all policies are referred herein as the "Kinsale Policies").

On January 26, 2022, an individual operating the system designed and manufactured by Tractel and installed by Az-Tec was killed in San Diego, California (the "Incident"). Lawsuits were filed against Tractel (and others) related to this Incident. On multiple occasions, Tractel has demanded that Az-Tec defend and indemnify it with respect to those underlying lawsuits in which Tractel has been named, but Az-Tec has failed to respond to Tractel's demands. Tractel now seeks to recover the legal fees and costs it has paid in its defense of the underlying lawsuits, the legal fees it has incurred in the instant action against Az-Tec, and to obtain a declaratory judgment regarding Az-Tec's defense and indemnity obligations under the Subcontract Agreement.

Tractel filed the present suit against Az-Tec and Az-Tec's insurer, Kinsale Insurance Company ("Kinsale"), on July 7, 2023. Az-Tec was served with process on August 10, 2023. Az-Tec has not responded to the Complaint and has not made an appearance in this matter.[4] The Clerk of this Court entered a default against Az-Tec on September 13, 2023. Tractel now seeks Default Judgment against Az-Tec.

## CERTIFICATE OF CONFERRAL

Pursuant to D.C.Colo.LCivR 7.1(a), counsel shall confer, or make a reasonable, good faith effort to confer, with any opposing or unrepresented party. In the present matter, Tractel served Az-Tec with the Summons, Complaint, and Request for Entry of Default. Az-Tec has not responded to the Complaint nor made an appearance in the matter. Az-Tec is in default. Tractel therefore reasonably assumes that Az-Tec opposes this motion.

---

[4] Kinsale filed its answer to the Complaint on September 7, 2023.

## ARGUMENTS AND AUTHORITY

I.  **DEFAULT JUDGMENT**

   A.  **Legal Standard**

Default judgment may be entered against a party who fails to appear or otherwise defend. Fed. R. Civ. P. 55. "In order to obtain a judgment by default, a party must follow the two-step process described in Federal Rule of Civil Procedure 55: first, he or she must seek an entry of default from the Clerk of the Court under Rule 55(a); second, after default has been entered by the Clerk, the party must seek default judgment according to the strictures of Rule 55(b)." *Richfield Hosp., Inc. v. Shubh Hotels Pittsburgh, LLC*, No. 10-CV-00526-PAB-MJW, 2010 WL 5129532, at *1 (D. Colo. Dec. 9, 2010) (citing *Williams v. Smithson*, No. 95–7019, 1995 WL 365988 at *1 (10th Cir. June 20, 1995). If the claim is not for a "sum certain," "the party must apply to the [C]ourt for a default judgment." *Philadelphia Indem. Ins. Co. v. Asperi*, No. 18-CV-02372-CMA-NRN, 2019 WL 588193, at *2 (D. Colo. Feb. 13, 2019) (quoting Fed. R. Civ. P. 55(b)(2)).

The decision to enter default judgment is "committed to the district court's sound discretion." *Olcott v. Delaware Flood Co.*, 327 F.3d 1115, 1124 (10th Cir. 2003). "Before proceeding with a default judgment, [] the Court must consider whether it has jurisdiction, whether the facts establish a legitimate basis for the entry of judgment, and whether the amount of damages can be ascertained." *Reg'l Dist. Council v. Mile High Rodbusters*, Inc., 82 F. Supp. 3d 1235, 1241 (D. Colo. 2015) (internal citation omitted). The Court deems true the factual allegations in the Complaint, as well as any undisputed facts alleged in affidavits and exhibits. *Malluk v. Berkeley Highlands Prods.*, LLC, 611 F. Supp. 3d 1134, 1137 (D. Colo. 2020) (internal citation omitted).

### B. This Court Has Subject Matter and Personal Jurisdiction

The district court has an affirmative duty to determine its jurisdiction over the parties in motions for default judgment. *Malluk*, 611 F. Supp. 3d at 1138 (citing *Williams v. Life Sav. & Loan*, 802 F.2d 1200, 1202–03 (10th Cir. 1986)). But, where the issue is determined on the basis of the pleadings and affidavits, "that burden may be met by a prima facie showing." *Id.* (citing *Shrader v. Biddinger*, 633 F.3d 1235, 1239 (10th Cir. 2011)).

District courts have "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between ... citizens of different States." *Shenzhen Gooloo E-Com. Co., LTD v. Pilot, Inc.*, No. 1:23-CV-00854-SP, 2023 WL 4548201, at *1 (D. Colo. July 14, 2023) (quoting 28 U.S.C. § 1332(a)(1)). The amount in controversy in this matter exceeds $360,000. (Compl., ECF 1, ¶¶ 130-31). Further, Plaintiff is a citizen of Massachusetts and Texas, while Defendant Az-Tec is a citizen of Colorado. (Compl., ECF 1, ¶ 11). Therefore, this Court possesses subject matter jurisdiction over this matter based upon the diversity of the parties.

District courts also have personal jurisdiction over corporations that are "at home" in the forum state. "For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile; for a corporation, it is an equivalent place." *BASF Corp. v. Willowood, LLC*, 359 F. Supp. 3d 1018, 1024 (D. Colo. 2019) (quoting *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014)). "The 'paradigm' forum[] in which a corporate defendant is 'at home'...[is] the corporation's place of incorporation and its principal place of business." *Id.* (quoting *BNSF Ry. Co. v. Tyrrell*, 581 U.S. 402, 413 (2017)). Az-Tec was incorporated and maintains its principal place of business in Colorado. Az-Tec is "at home" in Colorado. Therefore, the Court may exercise general personal jurisdiction over Defendant Az-Tec.

### C.  The Facts Establish a Legitimate Basis for Default Judgment

Tractel has followed the two-step process described in Federal Rule of Civil Procedure 55.

First, following Az-Tec's failure to appear and respond to the complaint, Tractel requested an entry

of default from the Clerk of the Court under Rule 55(a), and the Clerk entered the default on

September 13, 2023. (Clerk's Entry of Default, ECF Doc. 21); *see Richfield*, 2010 WL 5129532,

at *1. Tractel now seeks default judgment "according to the strictures of Rule 55(b)." *Richfield*,

2010 WL 5129532, at *1.  Because Tractel seeks both money damages and declaratory judgment,

its total requested relief cannot be calculated into a single "sum certain." *See*

Fed. R. Civ. P. 55(b)(1). Therefore, Tractel hereby applies to the Court for default judgment under

Rule 55(b)(2). *See Philadelphia Indem. Ins.*, 2019 WL 588193, at *2 (quoting

Fed. R. Civ. P. 55(b)(2)).

It is axiomatic that, "[e]ven after a proper Entry of Default [], the Court must decide

'whether the unchallenged facts constitute a legitimate cause of action' such that a judgment

should be entered." *Reg'l Dist. Council v. Mile High Rodbusters, Inc.*, 82 F. Supp. 3d 1235,

1242 (D. Colo. 2015) (quoting *Bixler v. Foster*, 596 F.3d 751, 762 (10th Cir. 2010)). Here, with

Tractel's factual allegations in the Complaint, affidavits, and exhibits taken as true, Az-Tec's

liability under the Subcontract Agreement is clearly established. *See Malluk*, LLC, 611 F. Supp.

3d at 1137.

### i.    Count One: Declaratory Judgment

Courts have discretion in determining whether to hear declaratory judgment actions.

*Ace Am. Ins. Co. v. Dish Network, LLC*, No. 13-CV-00560-REB-MEH, 2014 WL 811993,

at *13 (D. Colo. Mar. 3, 2014). Accordingly, the United States Court of Appeals for the Tenth

Circuit instructs district courts to consider the "*Mhoon* factors" in determining whether to exercise their discretion. *See State Farm Fire & Cas. Co. v. Mhoon*, 31 F.3d 979 (10th Cir.1994).[5]

Here, the *Mhoon* factors favor the Court exercising its discretion to issue a declaratory judgment. Tractel's controversy with Az-Tec is independent and separable from the issues pending in the underlying litigation. The underlying action seeks to determine liability for a wrongful death, while the present action seeks a declaration of rights under a contract between two parties. The resolution of one matter would in no way impact the determination of the other. As such, there is no risk of prejudice to any party in the underlying action upon the resolution of the present action. Further, the present action does not challenge the constitutionality of any state social or fiscal policies, nor would it cause friction between the state and federal courts. Accordingly, the Court should exercise its discretion to issue a declaratory judgment.

### ii.    Count Two: Breach of Contract

Under Colorado law, a claim for breach of contract must establish "(1) the existence of a contract; (2) performance by [P]laintiff or some justification for nonperformance; (3) Defendant's failure to perform the contract; and (4) resulting damages to [P]laintiff." *Fair Am. Ins. & Reinsurance Co. v. Byrnes*, No. 22-CV-01879-CNS-MEH, 2023 WL 5567404, at *5 (D. Colo. June 27, 2023), *report and recommendation adopted*, No. 122CV01879CNSMEH, 2023 WL 5723851 (D. Colo. Sept. 5, 2023) (quoting *W. Distrib. Co. v. Diodosio*, 841 P.2d 1053, 1058 (Colo. 1992) (en banc) (internal citations omitted)).

---

[5] The *Mhoon* factors include: (1) Whether a declaratory action would settle the controversy; (2) Whether it would serve a useful purpose in clarifying the legal relations at issue;  (3) Whether the declaratory remedy is being used merely for the purpose of procedural fencing or to provide an arena for a race to res judicata; (4) Whether use of a declaratory action would increase friction between our federal and state courts and improperly encroach upon state jurisdiction; and (5) Whether there is an alternative remedy which is better or more effective. *Mhoon*, 31 F.3d at 980-81.

Tractel has sufficiently pleaded the requirements to establish a breach of contract by Az-Tec. In the Complaint, Tractel alleged that Az-Tec entered into a Work Authorization governed by the MSA and that the Work Authorization and MSA are binding contracts between Tractel and Az-Tec. (Compl., ECF 1, ¶¶ 120-21). Tractel has made requests to Az-Tec for indemnity, as required under the Subcontract Agreement. (Compl., ECF 1, ¶ 112). Az-Tec has failed to perform as required by the Subcontract Agreement by refusing to indemnify Tractel for all claims arising from the Incident, refusing to indemnify Tractel for the general contractor's tender of defense and indemnity to Tractel resulting from the Incident, and by failing to confirm that it named Tractel as an additional insured under the Kinsale Policies. (Compl., ECF 1, ¶¶ 125-27). Finally, Tractel pleaded at least[6] $360,000 in damages due to Az-Tec's breach, including $127,000 in ongoing defense costs in the underlying litigation, $83,000 in costs related to the general contractor's tender, and $150,000 in repair costs relating to the Incident. (Compl., ECF 1, ¶¶ 130-31). Therefore, the unchallenged facts plainly establish a legitimate and sufficiently pleaded cause of action against Az-Tec for breach of contract.

### D.  The Amount in Damages Can Be Ascertained

"In addition to finding that Plaintiffs have a basis for relief, default judgment may not be entered until the amount of damages has been ascertained." *Reg'l Dist. Council*, 82 F. Supp. 3d at 1243 (D. Colo. 2015) (citing *Herzfeld v. Parker*, 100 F.R.D. 770, 773 (D.Colo.1984)).

---

[6] In its prayer for relief, Tractel requested that the Court award "an amount to be determined at trial, but in no event less than $360,000, plus interest and costs." (Compl., ECF 1, p. 28, ¶ B). This language is reflective of the ongoing nature of the damages requested, namely the costs associated with Tractel's defense of the underlying lawsuits.

i.     **Az-Tec Owes Tractel Damages Arising From The Breach of Contract**

A district court may enter default judgment on the amount claimed when it is a liquidated sum or one capable of mathematical calculation. *Arrow Enter. Computing Sols., Inc. v. Right PriceIT, LLC*, No. 22-CV-01562-NYW-STV, 2023 WL 4178026, at *10 (D. Colo. June 26, 2023) (citing *Venable v. Haislip*, 721 F.2d 297, 300 (10th Cir. 1983)). Here, Count II of the complaint seeks a sum readily capable of calculation. In Count II, Tractel seeks defense costs relating to the underlying lawsuits and repair costs related to the Incident. (Compl., ECF 1, ¶ 130). The scope of those owed amounts can be unambiguously identified in the Subcontract Agreement and the sum can be readily calculated with an accounting of invoices of amounts paid. *See Exhibit A to the Motion for Default Judgment* (hereinafter "Exhibit A"); *Exhibit B to the Motion for Default Judgment* (hereinafter "Exhibit B").

As stated above, Az-Tec breached the Subcontract Agreement by refusing to indemnify Tractel for all claims arising from the Incident. Therefore, Tractel requests that the Court award $153,299.46 in damages for work performed by its attorneys and paraprofessionals in defense of the underlying lawsuits, as further supported by Exhibit A. Additionally, Tractel incurred $154,704 in repair costs arising from the Incident, as further supported by Exhibit B. Tractel has incurred $83,776 from Az-Tec's refusal to indemnify Tractel for the general contractor's tender of defense and indemnity to Tractel resulting from the Incident. (Exhibit B, at ¶ 15).

As such, Tractel respectfully requests the Court award damages to Tractel in the amount of $391,779.46 for Az-Tec's breach of contract.

ii.     **Az-Tec Owes Tractel Attorney's Fees Arising From The Instant Action**

A district court may award attorney's fees for "the time spent prosecuting a successful claim as well as those related to it." *Lippoldt v. Cole*, 468 F.3d 1204, 1223 (10th Cir. 2006) (internal citation omitted). For a claim of breach of contract under Colorado law, the prevailing party can

recover attorney's fees if a provision of the contract expressly so-allows. *See Brock v. Weidner*, 93 P.3d 576, 579 (Colo. App. 2004).

The Subcontract Agreement between Az-Tec and Tractel contains an Indemnity provision that requires Az-Tec to indemnify Tractel for any costs, including attorney's fees, arising from Az-Tec's breach of the Subcontract Agreement.[7] Az-Tec breached an obligation of the Subcontract Agreement when it refused to indemnify Tractel for claims arising from the Incident or for the general contractor's demand, and by failing to confirm to Tractel that it had named Tractel as an additional insured under the Kinsale Policies. (Compl., ECF 1, ¶¶ 125-27). Therefore, Tractel requests that the Court award attorney's fees in the amount of $90,880 for the present action against Az-Tec, which arises out of Az-Tec's breach of an obligation set forth within the Subcontract Agreement. This request is supported by *Exhibit C to the Motion for Default Judgment, Aff. of J. Pellis* (hereinafter, "Exhibit C").

### iii.    Az-Tec Owes Tractel Costs Regarding Instant Action

The District Court for the District of Colorado has previously held that the prevailing party in a default judgment is entitled to reasonable costs. *See 4221 Monoco St., L.L.L.P. v. Frankle*, No. 22-CV-01813-RM-KLM, 2022 WL 16635396, at *5 (D. Colo. Nov. 2, 2022). "In addition, Fed. R. Civ. P. 54(d)(1) provides that 'costs—other than attorney's fees—should be allowed to the prevailing party,' and Rule 55 also provides for such an award." *Id.* (internal citation omitted). The court has previously identified costs expended on process servers to be a reasonable award in a default judgment. *Id.* (awarding $895.30 spent on process servers).

---

[7] Pursuant to the Subcontract Agreement, Az-Tec "shall indemnify …Tractel…from and against any and all…expenses (including attorney's fees and investigation costs)… in connection therewith[,] arising out of[,] or caused in any manner by… the breach of any provision or obligation set forth herein[.]" (Master Subcontract Agreement, Exhibit A to the Complaint, ECF 1, at 4).

Tractel seeks an award of $334, which was reasonably incurred as payment for special process servers because of Az-Tec's failure to respond to the Complaint and other communications. These costs are detailed in the exhibits to the attached affidavit. (Exhibit C, at ¶ 13). The Court should award Tractel the costs associated with Az-Tec's default.

### iv.    Az-Tec Owes Tractel Prejudgment and Post-judgment Interest
#### (a)    Prejudgment Interest

In the absence of a statutory provision, "prejudgment interest is a matter in this Court's discretion," *Keybank Nat'l Ass'n. v. Northwest Prof. Color, Inc.*, No. 15-CV-2180-WJM-CBS, 2016 WL 1446134, at *3 (D. Colo. Apr. 13, 2016). The Court may award prejudgment interest if it is compensating the injured party and is not inequitable to the Defendant. *Caldwell v. Life Ins. Co. of North America*, 287 F.3d 1276, 1286 (10th Cir. 2002). Unless otherwise contractually agreed upon by the parties, Colorado law establishes the interest rate to be set at eight (8) percent per annum, compounded annually. § 5-12-101, C.R.S. (2022). Further, the United States Court of Appeals for the Tenth Circuit has established a high burden for denying prejudgment interest due to possible inequities. *See United Phosphorus, Ltd. v. Midland Fumigant, Inc.*, 205 F.3d 1219, 1236 (10th Cir. 2000) (finding "in the federal context, this Court has adopted a preference, if not a presumption, for [pre]judgment interest")).

Here, Tractel has been injured by the loss of the use of its money for costs (e.g., defense costs, repair costs) that should have been indemnified by Az-Tec. *See Caldwell*, 287 F.3d at 1286 ("[T]he rule in this circuit is that prejudgment interest is generally available 'to compensate the wronged party for being deprived of the monetary value of his loss from the time of the loss to the payment of the judgment.'") (internal citation omitted). An award of prejudgment interest is not inequitable to Az-Tec, who has maintained full enjoyment and use of money owed to Tractel during the relevant time period. As such, the Court should use its discretion to compensate Tractel

with an award of prejudgment interest on the sum of $391,779.46, at a rate of eight percent per annum, compounded annually, accruing on the date that Az-Tec breached its indemnity obligation with Tractel.

### (b)    Post-judgment Interest

Tractel is also entitled to post-judgment interest on any money judgment awarded by this Court, including damages, attorney's fees, costs, and prejudgment interest. 28 U.S.C.A. § 1961(a) ("Interest shall be allowed on any money judgment in a civil case recovered in a district court."). The rate of post-judgment interest is "equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding[] the date of the judgment." *Id.*; *see also 4221 Monoco*, 2022 WL 16635396, at *4. Interest is to be computed daily and compounded annually. *Id.* at § (b). As such, Tractel requests that this Court award post-judgment interest at the appropriate rate, compounded annually, for the full sum of $391,779.46 plus prejudgment interest, attorney's fees, and costs, until Az-Tec satisfies the full amount owed to Tractel.

For these reasons, the Court should enter default judgment against Az-Tec regarding both counts of the Complaint.

### II.    <u>A HEARING IS NOT NEEDED</u>

"Rule 55(b) provides that 'the court may conduct such hearings or order such references as it deems necessary' in order to 'determine the amount of damages.' A court may enter a default judgment without a hearing if the amount claimed is a liquidated sum or one capable of mathematical calculation." *Malluk*, 611 F. Supp. 3d at 1138 (citing *Venable v. Haislip*, 721 F.2d 297, 300 (10th Cir. 1983)). Generally, "[a]ttorney's fees must not be ordered without a hearing to determine the amount." *4221 Monoco*, 2022 WL 16635396, at *4. However, "a live

evidentiary hearing is not always required. Rather, the hearing requirement can be satisfied by the submission of affidavits or other proper documentary evidence if doing so will create a record sufficient for the court to decide the matters before it." *Malluk*, 611 F. Supp. 3d at 1138 (collecting cases); *see also 4221 Monoco*, 2022 WL 16635396, at *4. Further, this Court has previously found that damages consisting of outstanding balances evidenced by invoices, prejudgment interest, costs, and attorney's fees were "capable of mathematical calculation" andthus did not require a hearing. *IMM, LLC v. Plankk Techs. Inc.*, No. 19-CV-02629-CMA, 2020 WL 902320, at *4 (D. Colo. Feb. 25, 2020).

Here, Tractel has requested declaratory relief and money damages. Default judgment actions solely requesting declaratory relief do not require a hearing to assess damages. *See Sommerfield*, 2017 WL 5989441, at *4, *report and recommendation adopted*, No. 16-CV-2819-WJM-KLM, 2017 WL 6945039 (D. Colo. Dec. 22, 2017). Additionally, the money damages sought here consist of defense costs arising from an underlying litigation as evidenced by invoices, attorney's fees, costs, and interest, all of which are susceptible to mathematical calculation. As each of these items is sufficiently documented in attached affidavits and other properly submitted documentary evidence, a sufficient record has been created for the Court to decide the matters before it without a live hearing.

## CONCLUSION

For the reasons stated above, Tractel respectfully requests that this Court grant the instant Motion for Default Judgment against Defendant AZ-TEC ERECTORS INC., provide the relief as requested herein, and any additional relief as this Court deems appropriate.

*[SIGNATURE PAGE FOLLOWS]*

Respectfully submitted,

PELLIS LAW GROUP, LLP

Dated: October 18, 2023                    By: ____/s/ Joseph L. Pellis II_____
                                           Joseph L. Pellis II
                                           Michael J. Tenuto
                                           PELLIS LAW GROUP, LLP
                                           901 Warrenville Road, Suite 205
                                           Lisle, IL 60432
                                           Office: +1 (630) 442-5500
                                           jpellis@pellislaw.com
                                           mtenuto@pellislaw.com
                                           *and*

                                           Joseph E. Hopkins
                                           PELLIS LAW GROUP, LLP
                                           37 North Broadway, Suite 1
                                           Nyack, NY 10960
                                           Office: +1 (845) 535-3939
                                           jhopkins@pellislaw.com

                                           *Attorneys for Plaintiff Tractel Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing Plaintiff's Motion for Default Judgment against

Defendant AZ-TEC ERECTORS INC., supporting brief, and attached exhibits were electronically

filed this date, October 18, 2023, with the United States District Court for the District of Colorado,

served on Defendant KINSALE INSURNACE COMPANY via ECF, and delivered to Special

Process Server to serve on Defendant AZ-TEC ERECTORS INC. at the following address:

Az-Tec Erectors Inc.
c/o Sarah Rhodes
8013 Routt Street
Arvada, Colorado 80005

Dated: October 18, 2023

By:    /s/ Joseph L. Pellis II
Joseph L. Pellis II
Michael J. Tenuto
PELLIS LAW GROUP, LLP
901 Warrenville Road, Suite 205
Lisle, IL 60432
Office: +1 (630) 442-5500
jpellis@pellislaw.com
mtenuto@pellislaw.com
*and*

Joseph E. Hopkins
PELLIS LAW GROUP, LLP
37 North Broadway, Suite 1
Nyack, NY 10960
Office: +1 (845) 535-3939
jhopkins@pellislaw.com

*Attorneys for Plaintiff Tractel Inc.*